BULOVA WATCH COMPANY, INC., Plaintiff, *v.* SATTLER'S, INC., et al., Defendants.

Supreme Court, Special Term, Erie County, August 17, 1955.

*Thomas P. McMahon* for plaintiff.

*Robert I. Millonzi* for defendants.

Marsh, J. Plaintiff Bulova Watch Company, Inc., is a manufacturer and distributor of nationally known and advertised watches and timepieces. As such, it has entered into fair-trade agreements with retailers in New York State stipulating certain minimum retail resale prices for its various lines of merchandise bearing its name and trade-mark. Notice of such agreements

with the current price list was given defendant Sattler's, Inc., a department store including a jewelry department in Buffalo, New York.

Subsequent to such notice, Sattler's, Inc., entered into an agreement with the defendant Arthur Langsam representing Arthur Langsam, Jewelers, concerning the proposed sale of certain jewelry constituting the stock of Arthur Langsam, Jewelers, of Minneapolis, Minnesota, which they were closing out following a chapter 11 voluntary bankruptcy. (U. S. Code, tit. 11, ch. 11.)

Under the agreement, it was provided that: 1. Langsam would move their entire jewelry stock from St. Paul, Minnesota, where their business had for many years been conducted, to the premises of the defendant Sattler's, Inc., at Buffalo, New York. 2. The close-out sale of the stock involved would be conducted in space provided by defendant Sattler's, Inc., on their first floor. 3. All sales and stock help would be provided, supervised and paid by Sattler's subject to reimbursement by Langsam. 4. All advertising, with an agreed minimum stipulated, would be paid for by Langsam, but prepared and supervised as to form, content and media by Sattler's. 5. Sattler's would have the sole right to arbitrate and compromise and pay all claims by customers subject to a charge-back to Langsam. 6. Sattler's would receive 13% of all sales after excluding sales and excise taxes.

In pursuance of the agreement aforesaid, defendant Sattler's prepared advertising copy for the proposed sale which has been submitted to the court and which offers Bulova watches as well as other " fair trade " watch lines at a price below the stipulated " fair trade " minimum retail resale prices.

Plaintiff seeks a temporary injunction restraining the defendant from advertising, offering for sale and selling any of the lines of merchandise manufactured and sold by plaintiff at prices less than those fixed by fair-trade agreement.

Section 369-b of the General Business Law (L. 1940, ch. 195, § 3, eff. March 19, 1940) defines unfair competition made actionable under the statute as follows: " Wilfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provision of section three hundred sixty-nine-a, whether the person so advertising, offering for sale or selling is or is not a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby."

Paragraph (a) of subdivision 2 of section 369-a of General Business Law permits sale without reference to fair-trade

prices " In closing out the owner's stock for the purpose of discontinuing delivering any such commodity."

From an examination of the agreement between Langsam and Sattler's, it appears that Langsam, while retaining title to the stock to be sold, transferred to Sattler's to effectuate sale of the stock full authority over advertising, sales methods, sales personnel, and adjustment of claims.

Such complete control over the disposal of the merchandise in question gained by Sattler's under the agreement involves as a consequence full responsibility on its part to the public, its competitors and all others who may be affected by its trade practices for the manner in which that control and authority is exercised.

Whatever the benefits a department store may contemplate from leasing out departments to various lessees, such practice, in any event, should not be permitted to be used as a device to allow the store management to evade responsibility for compliance with the statutes of this State governing trade practices in the conduct of competitive merchandising.

Thus, having represented to the public in the page ad offered to the court that " We have never had such values before ", bannered across the top of the page over the designation " Sattler's, 998 Broadway, Better Jewelry Department, Main Floor Front ", it cannot now sustain its position before the court that it is not selling anything to the public and that it is merely a landlord leasing space to an independent merchandiser; nor does the statement in the ad in smaller type " To close out lessee's stock for the purpose of lessee's discontinuing dealing in these items " operate to affect its responsibility for the conduct of the sale.

The fair-trade law was designed and intended to eliminate certain practices in the sale of merchandise which the Legislature determined to be injurious to the economic health of the State. It is specifically directed by its terms at those " Wilfully and knowingly advertising, offering for sale or selling " in violation of certain pricing restrictions. Sales excluded by paragraph (a) of subdivision 2 of section 369-a of General Business Law were obviously provided for to permit a distributor closing out his stock and consequently going out of competition in the line being closed out to sell without price restrictions. It would appear to be clearly inconsistent with the intent and purpose of the statute to so apply it as to permit one remaining in competition in a line to conduct close-outs of the stock of others, to his own competitive advantage.

The court finds that the defendant Sattler's, Inc., by undertaking to advertise and sell the stock in question under agreement with Langsam which gives it full control over the conduct of such sale, has brought itself squarely within the application of the statute.

The plaintiff, upon giving an undertaking in the amount of $1,000 in accordance with the provisions of the Civil Practice Act is entitled to a temporary injunction pending the trial of the action herein enjoining and restraining the defendant Sattler's, Inc., its officers, agents, employees and all persons acting under their control from advertising, offering for sale, selling at retail, or permitting the offering for sale or selling at retail on its premises by its sales personnel, any timepieces manufactured and sold by the plaintiff herein at prices which are less than the minimum resale retail prices established therefor by the plaintiff pursuant to minimum resale price agreements with their distributors.